# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

Phone:    212-885-5348
Fax:      917-332-3858
Email:    lwilgus@blankrome.com

February 10, 2021

BY ECF

Hon. Andrew L. Carter, Jr, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 435
New York, NY 10007

Re:   Classic Maritime Inc. v. XCoal Energy and Resources LLC
      Docket No. 1:21-cv-00766-ALC

Dear Judge Carter:

We represent Defendant Xcoal Energy and Resources ("Xcoal") in the above matter. We write to further supplement our letters dated February 1, 2021 (ECF 8), February 2, 2021 (ECF 12) and February 3, 2021 (ECF 15), and our Motion to Vacate dated February 4, 2021 (ECF 16-17).

We apologize for the multiple submissions to the Court in respect of this matter, but we needed to inform the Court of Xcoal's consent to personal jurisdiction in New York that predates the Rule B complaint, about which Plaintiff's counsel knew and failed to inform the Court.

In particular, Xcoal agreed to arbitrate any dispute under the charter in New York, made an appearance in the New York arbitration initiated by Classic Maritime and designated its arbitrator Lou Sheinbaum before Classic Maritime filed its Rule B attachment action. Second Circuit law is very clear that by consenting to arbitration in New York, a party has consented to the district court's personal jurisdiction. *In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2017 WL 2911589, at *5 (Bankr. S.D.N.Y. July 6, 2017), contains a very succinct discussion of this rule:

> Montravers is subject to personal jurisdiction in this District by virtue of consenting to arbitration in New York. *Victory Transp., Inc. v. Comisaria General de Abastecimientos y Transportes*, 336 F.2d 354, 364 (2d Cir. 1964) (holding that by consenting to arbitration in New York, the appellant had consented to in personam jurisdiction of the District Court and thus "the sole function of process in this case was ... to notify the appellant that



1271 Avenue of the Americas | New York, NY 10020
blankrome.com

proceedings had commenced."); *Scandinavian Reinsurance Co. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 732 F. Supp. 2d 293, 305 (S.D.N.Y. 2010) ("when parties enter into an agreement to arbitrate in a particular forum, they consent to personal jurisdiction in the courts of that forum"), *rev'd on other grounds*, 668 F.3d 60 (2d Cir. 2012); *Assoc. Indus. Ins. Co. v. Excalibur Reins. Corp.*, No. 13 Civ. 8239 (CM), 2014 WL 6792021, at *4 (S.D.N.Y. Nov. 26, 2014) (quoting *Scandavian Re* opinion).

The Second Circuit's rule has been upheld as recently as December 2020. *See Commodities & Minerals Enter., Ltd. v. CVG Ferrominera Orinoco, C.A.,* No. 1:19-CV-11654-ALC, 2020 WL 7261111, at *4 (S.D.N.Y. Dec. 10, 2020) ("This Court also has personal jurisdiction in light of the parties' agreement that any arbitration occur in New York.")

In light of this clear precedent, by email dated February 9, 2021, we again demanded that Classic Maritime immediately cease and desist and withdraw its unlawful writs of attachment. Attached as Ex. 1 is a copy of the February 9, 2021 email. Plaintiff's counsel did not respond to this demand.

Xcoal respectfully submits this letter further supports its application for a motion to vacate the attachment and we respectfully request the Court consider this additional submission at the hearing scheduled for 3:00 pm today.

We thank Your Honor for your consideration.

Respectfully submitted,

Blank Rome LLP

/s/ *Lauren B. Wilgus*

Lauren B. Wilgus

cc: All Counsel by ECF

Attachment