# Wilgus, Lauren

| | |
|---|---|
| **From:** | Letourneau, Keith |
| **Sent:** | Tuesday, February 9, 2021 5:41 PM |
| **To:** | James.Power@hklaw.com |
| **Cc:** | Wilgus, Lauren; Cain, Zachary |
| **Subject:** | XCOAL - CLASSIC MARITIME - Writ of Attachment in SDNY |

James,

As you know, Xcoal agreed to arbitrate any dispute under the charter in New York, made an appearance in the New York arbitration initiated by Classic Maritime and designated its arbitrator Lou Sheinbaum <u>before</u> Classic filed its Rule B attachment action. Second Circuit law is very clear that by consenting to arbitration in New York, a party has consented to the district court's personal jurisdiction. *In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2017 WL 2911589, at *5 (Bankr. S.D.N.Y. July 6, 2017), contains a very succinct discussion of this rule:

> Montravers is subject to personal jurisdiction in this District by virtue of consenting to arbitration in New York. *Victory Transp., Inc. v. Comisaria General de Abastecimientos y Transportes*, 336 F.2d 354, 364 (2d Cir. 1964) (holding that by consenting to arbitration in New York, the appellant had consented to in personam jurisdiction of the District Court and thus "the sole function of process in this case was ... to notify the appellant that proceedings had commenced."); *Scandinavian Reinsurance Co. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 732 F. Supp. 2d 293, 305 (S.D.N.Y. 2010) ("when parties enter into an agreement to arbitrate in a particular forum, they consent to personal jurisdiction in the courts of that forum"), *rev'd on other grounds*, 668 F.3d 60 (2d Cir. 2012); *Assoc. Indus. Ins. Co. v. Excalibur Reins. Corp.*, No. 13 Civ. 8239 (CM), 2014 WL 6792021, at *4 (S.D.N.Y. Nov. 26, 2014) (quoting *Scandavian Re* opinion).

Substantial monies belonging to Xcoal have been seized in New York and its accounts have been frozen as a result of Classic Maritime's writs of attachment. Xcoal is now suffering financial hardship as a result of Classic Maritime's unlawful seizures. We again demand that Classic Maritime immediately cease and desist and withdraw its unlawful writs of attachment, and request your immediate advice that such writs have been withdrawn. Xcoal holds Classic Maritime to account for all damages incurred as a result of this action, especially after Classic Maritime has been placed on notice of the governing law. This communication is written entirely without prejudice to Xcoal's civil rights, defenses and remedies.

Regards,

Keith

**Keith B. Letourneau** | BLANKROME
717 Texas Avenue | Suite 1400 | Houston, TX 77002
O: 713.632.8609 | C: 713.398.8129 |F: 713.228.6605 | kletourneau@blankrome.com

BLANK ROME COVID-19 Task Force Page